UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDY D. ANGLIN, | ) |
|     PLAINTIFF, | ) |
| vs. | ) CASE NO. 07-CV-96-FHM |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration, | ) |
|     DEFENDANT. | ) |

## ORDER

Plaintiff, Eddy D. Anglin, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's April 8, 2004 application for disability insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held November 15, 2005. By decision dated January 11, 2006, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on December 8, 2006. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born January 26, 1959, was 46 years old at the time of the hearing and has past relevant work as a truck driver. [R. 63, 171]. He claims to have been unable to work since September 1, 2002, due to blindness in the right eye and poor vision in the left eye resulting in extremely poor depth perception, severe headaches and dizziness. [R. 75, 82, 94, 169-170]. The ALJ determined that Plaintiff has a severe impairment consisting of blindness in the right eye. [R. 17]. The ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform work activity that does not require vision in the right eye, depth perception or working around heights or dangerous moving machinery. [R.19]. He determined that Plaintiff's RFC precluded returning to his past relevant work (PRW). Based upon the testimony of a Vocational Expert (VE), the ALJ found there is work existing in significant numbers in the economy that Plaintiff can perform with his RFC and that Plaintiff is therefore not disabled as defined by the Social Security Act. [ALJ's decision, p. 5]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts one allegation of error: that the ALJ erred in relying upon the opinion of the VE [given in his testimony] which conflicted with the Dictionary of Occupational Titles (DOT).[2] For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.

It is undisputed that Plaintiff is blind in the right eye and has depth perception limitations. [R. 116 (medical history report)]. At the hearing, the ALJ presented the following hypothetical to the VE:

> Okay, assume that we have an individual who is 46 years old with an eleventh grade education. I'll say he can read, write, and use numbers. There may be some limitations. He indicated he has trouble spelling and, of course, the vision problem would limit his ability to see. At least as far as the intellectual skills he has those. With the past work history that you just described and there's really no physical exertional limitations I'm aware of, so we can - - we'll say he can do medium exertional level work. Assume that I would find functional limitations because of blindness in his right eye and maybe some limited vision in his left eye, such that he would have trouble with depth perception. He'd have to avoid any exposure to hazards including unprotected heights and moving machinery. Assuming the foregoing, could such an individual return to any of Mr. Anglin's past relevant work either as he performed it or as the work was customarily performed in the national economy?

[R. 185]. The VE responded that he could not perform his past work because of the depth perception and "also the truck would be considered machinery." *Id.* In response to the ALJ's request for other work Plaintiff could perform, the VE listed light jobs of

---

[2] Employment and Training Administration, U.S. Dept. of Labor, Dictionary of Occupational Titles (Fourth Edition, Revised 1991) and its companion publication, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993).

laundry sorter, DOT number 361.687-014, and hand packager, DOT number 920.587-018, and a sedentary job as a sorter, DOT number 521.6870976. [R. 186].

Plaintiff contends that all these jobs require use of a conveyer belt which conflicts with the assessed RFC and that the ALJ did not seek or obtain an explanation for the inconsistency between the DOT and the VE's testimony as required by Social Security Ruling (SSR) 00-4p. [Plaintiff's Memorandum Brief, p. 5; Plaintiff's Reply Brief]. Defendant does not dispute Plaintiff's claim that DOT descriptions for all the jobs named by the VE require working around a conveyer belt.  Instead, Defendant responds that the ALJ determined Plaintiff could not work around "**dangerous** moving machinery" and cites portions of the record, including Plaintiff's testimony, that he claims demonstrates Plaintiff could operate some machinery. [Defendant's Response Brief, p. 4-5 (emphasis in original)].  Citing SSR 85-15 and an unpublished Fifth Circuit case,[3] Defendant claims Plaintiff could work safely around a conveyer belt. [Defendant's Brief, p. 5].

Review of the ALJ's written decision and the record reveals that the wording used by the ALJ in the RFC finding in his written decision differs from the RFC description given in the hypothetical to the VE at the hearing. [R. 19, 185].  The Commissioner relies upon the wording in the written decision rather than the RFC description given at the hearing for his argument that the ALJ's decision is based upon substantial evidence. The Commissioner contends the evidence supports the ALJ's determination that Plaintiff was limited only to "dangerous" machinery which did not

---

[3] *Garcia v. Apfel*, 220 F.3d 585 (Table), 2000 WL 959568 (5th Cir. 2000).

include conveyer belts. However, the decision does not address differences between the dangers of driving a truck, which the ALJ determined Plaintiff could no longer do because of his visual impairments, and the dangers of work activities involving conveyer belts. The written decision contains no discussion of the severity of Plaintiff's depth perception limitation and no discussion of the conveyer belt at all. None of the explanations offered by counsel for the Commissioner are contained in the ALJ's written decision. The Court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004) ("That the record contains evidence that may support a specific factual finding cannot substitute for the finding itself."); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir.2001) ( Court not in position to draw factual conclusions on behalf of ALJ).

Because the VE's identification of jobs that Plaintiff could perform was in response to the RFC given to him at the hearing, the Court examines that RFC assessment to determine whether the DOT conflicts with the opinion of the VE. The Court concludes that it does. The RFC contained the need to "avoid any exposure to hazards including unprotected heights and moving machinery." [R. 185]. The DOT descriptions for the three jobs identified by the VE involve working on or with a conveyer belt which the Commissioner has acknowledged is moving machinery. This clearly is conflicting evidence.

The ALJ must resolve conflicts in the evidence, including conflicts in opinion evidence from a VE and job information contained in the DOT. *See Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir.1999) and SSR 00-4p, 2000 WL 1898704 (ALJ must elicit

a reasonable explanation for any material conflicts between a VE's testimony and occupational information in the DOT); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir.2005) (same).  The ALJ did not do so in this case.

Because of this error, the Court cannot say the determination of the ALJ that Plaintiff is not disabled is supported by substantial evidence.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration.

Dated this 16th day of October, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE